UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2950 SUMMER SWAN LAND TRUST,
BY: BLACKROCK ASSET MANAGEMENT,
LLC, AS TRUSTEE,

CASE NO: _____

    Plaintiff,

vs.

(Formerly Desoto County Circuit Court Case No. 2020-CA-433)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR INDYMAC
INDX MORTGAGE LOAN TRUST 2007-
AR1, MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-AR1,

    Defendant.
_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Indymac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1** ("DBNTC" or "Defendant"), hereby removes the action currently pending in the Circuit Court of the Twelfth Judicial Circuit in and for Desoto County, Florida, Case No. 2020-CA-433 (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.  Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.**      **BACKGROUND & CONDITIONS OF REMOVAL**

    1.  This matter arises out of Plaintiff's dispute over the 2015 foreclosure of a Mortgage—executed by a borrower that is not a party to this action—that secured real property located at 2950 Summer Swan Drive, Orlando, Florida (the "Property").  (Complt., ¶3).

2. Plaintiff, 2950 SUMMER SWAN LAND TRUST, BY: BLACKROCK ASSET MANAGEMENT, LLC, as Trustee ("Blackrock"), is a citizen and resident of Orange County, Florida.

3. Defendant is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4. Venue is proper in the United States District Court Middle District of Florida because the case is being removed from the Twelfth Judicial Circuit in and for Desoto County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses or counterclaims.

6. This action is not a non-removable action as described under 28 U.S.C. § 1445.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of all process and pleadings available to counsel as of this date are attached hereto as **Composite Exhibit "A."**

8. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Twelfth Judicial Circuit in Desoto County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading. Defendant was not served with process in this matter and has filed a Motion to Quash Service of Process in relation thereto.

10. Defendant discovered this matter on or about December 21, 2020 through an online records search prompted by the discovery of similar matters filed by Plaintiff's counsel, Lee Segal, Esq., that likewise resulted in improper defaults and/or judgments by default due to lack of service of process on Defendant.

## II.   THE COMPLAINT

11. Blackrock has sued DBNTC in Desoto County under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101, *et. seq.*) for purportedly conspiring to collect an "unlawful debt" to which Plaintiff is not a party. The debt is memorialized by the Note and Mortgage executed by Nathaniel Young ("Borrower") on January 8, 2007.  (Complt. ¶¶ 3, 14, 38).

12. In 2015, DBNTC initiated a foreclosure action against the Borrower in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Case No. 15-CA-83336 ("Orlando Foreclosure Action") for non-payment of the Note and Mortgage.  (Complt. ¶ 14).

13. Blackrock purports to be the title owner of the Property during the time period the Orlando Foreclosure Action was pending (Complt. ¶13) and it initiated the State Court Action alleging the foreclosure on the Mortgage was a conspiracy to collect an "unlawful debt" from the Borrower (Complt. ¶ 38) and constituted a violation of "Fla. Stats. §§817.535, 817.54 and 772.103 (1)-(4)." (*Id.*)

14. The State Court Action repeatedly challenges DBNTC's status as owner and holder of Borrower's Note and Mortgage in the adjudicated Orlando Foreclosure Action.  (*See* Complaint, ¶¶ 10, 16, 19, 22) (each denying the foreclosure court's finding that DBNTC was the owner or holder of the Note).

### III.     LEGAL STANDARD - GROUNDS FOR REMOVAL

15.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

16.     Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

>   **(1)** citizens of different States;
>
>   **(2)** citizens of a State and citizens or subjects of a foreign state;
>
>   **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
>   **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

17.     This Court has original jurisdiction on the basis of diversity and amount in controversy.  *See* 28 U.S.C. § 1332.  The parties are diverse because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

18.     "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)).  Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

    **A.    Diversity Of Citizenship Exists.**

19.    Blackrock is a citizen and resident of Orange County, Florida.

20.    DBNTC, is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California. (*See again* Exhibit "A").

21.    Because the parties are citizens of different states, diversity exists.

    **B.    Amount in Controversy Exceeds $75,000.**

22.    Blackrock in this matter seeks treble damages that include "value of the Property and the attorney's fees and costs incurred defending the [Orlando Foreclosure Action]". (*See again* Complaint, ¶¶ 39, 40).

23.    As evidenced by the Final Judgment After Default that was obtained by Blackrock in the State Court Action despite lack of service of process on DBNTC, the amount in controversy exceeds $1,323,156.00. (*See again* Exhibit "A").

24.    Because Plaintiff seeks an award that exceeds $1,323,156.00 Dollars, this matter meets the amount on controversy threshold under 28 U.S.C. § 1332.

**III.    CONCLUSION**

25.    Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Twelfth Judicial Circuit in and for Desoto County, Florida to the United States District Court for the Middle District of Florida without waiver of DBNTC's right to further seek relief that is appropriate.

**WHEREFORE,** Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Twelfth Judicial Circuit in and for Desoto County, Florida, Case No. 2020-CA-433, be removed to this Honorable Court.

| | |
|---|---|
| Dated: January 15, 2021 | Respectfully submitted, |
| Jason H. Okleshen, Esq.<br>Florida Bar No. 496170<br>Okleshenj@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>777 S. Flagler Dr., Ste. 300 East<br>West Palm Beach, FL 33401<br>Telephone: (561) 650-7915<br>Facsimile: (561) 655-6222<br>; | Beth A. Norrow (FBN 061497)<br>norrowb@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>450 S. Orange Ave., Suite 650<br>Orlando, FL 32801<br>Telephone: (407) 420-1000<br>Facsimile: (407) 420-5909<br>Secondary email: dunnla@gtlaw.com;<br>FLService@gtlaw.com<br><br>By: /s/ *Beth A. Norrow*<br>　　　Beth A. Norrow |

*Counsel for Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1 Novastar Home Equity Loan Asset-Backed Certificates, Series 2007-1*

**CERTIFICATE OF SERVICE**

I CERTIFY that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court via the Florida E-Filing Portal, which shall cause a copy to be served via email to the following:

Lee Segal
Segal & Schuh Law Group, P.L.
18167 U.S. Highway 19 N., Ste. 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com

　　　　　　　　　　　　　　　　　　　/s/ Beth A. Norrow
　　　　　　　　　　　　　　　　　　　Beth A. Norrow