UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2950 SUMMER SWAN LAND
TRUST, by Blackrock Asset
Management, LLC, as Trustee

     Plaintiff,

v.                         Case No.:  2:21-cv-42-SPC-DNF

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Indymac INDX Mortgage
Loan Trust 2007-AR1, Mortgage
Pass-Through Certificates Series
2007-AR1,

     Defendant.

_____

## <u>OPINION AND ORDER</u>[1]

Before the Court is Defendant Deutsche Bank National Trust Company's

Motion for Attorney Fees (Doc. 45), along with Lee Segal and Segal & Schuh

Law Group, LLC's response in opposition (Doc. 57) and Notice of Supplemental

Authority (Doc. 65).[2]  Deutsche has also filed Requests for Judicial Notice.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The supplemental authority is a recent Opinion and Order entered in *Shen Yi, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-66-DNF, 2022 WL 267520 (M.D. Fla. Jan. 28, 2022), involving the same issues.

(Doc. 46; Doc. 47).   For the below reasons, the Court denies the motion and moots the requests for judicial notice.

## BACKGROUND

This case is one of many filed suits across Florida against Deutsche by 2950 Summer Swan Land Trust's attorney, Lee Segal.   In short, Summer alleged Deutsche's prosecution of foreclosure actions were "fraudulent, illegal, and perjurious" and the bank engaged in a series of frauds trying to collect an unlawful debt.   (Doc. 4).   Segal brought this case (and the others) in state court.   While there, Summer obtained a default and default judgment against Deutsche.   After learning of the state suit, Deutsche moved to quash service of process.   Before the state court ruled on the motion, Deutsche removed this case here.   (Doc. 1).

This Court terminated the state court motion and granted Deutsche leave to renew.   Summer then moved to remand and to strike some of Deutsche's filings.   For its part, Deutsche moved to quash service of process. The Court granted Deutsche's motion to quash service of process, vacated the default entered against Deutsche, and denied all Summer's motions.   (Doc. 31).   The Court also directed Summer to properly serve Deutsche within thirty days—Summer never did.   The Court then ordered Summer to show cause why it did not serve Deutsche.   (Doc. 40).   When Summer never responded, the Court dismissed this action with prejudice for failure to serve and failure

to comply with Court Orders.   (Doc. 42 at 2).   The Court later voided the default judgment.   (Doc. 62).   From removal to closure, this case lasted in federal court for less than four months.   Deutsche now moves to recoup its attorneys' fees from Summer's lawyer and law firm: Segal and Segal & Schuh.[3] (Doc. 45).

## DISCUSSION

### A. Motion for Attorney's Fees

From Segal and Segal & Schuh, Deutsche seeks to recover its attorneys' fees and costs for defending this action under 28 U.S.C. § 1927 and the Court's inherent power to impose sanctions.   Deutsche claims that Segal and Segal & Schuh committed the following sanctionable conduct in this and similar cases to warrant sanctions:

- filing state cases in counties where the real property was not located, and the foreclosure actions did not occur

- filing frivolous complaints in state courts to recycle foreclosure defenses with no intent to litigate them on the merits

- filing at least seventeen "test cases" against banks in state court to see which banks would appear; Segal would dismiss actions against

---

[3] Deutsche does not seek any relief against Summer.   (Doc. 45 at 1).

banks who appeared but would prosecute those in which he obtained a default

- serving Deutsche (and other banks) in the state actions through an entity that was not a registered agent and misrepresenting service to the state courts to get default judgments

- multiplying the proceedings by dismissing cases after a defendant appeared and refiling the same action in another venue

- multiplying the proceedings by obtaining default judgments in two counties on identical complaints involving the same property

- multiplying the proceedings in other state-court cases by obtaining improper summary judgments, filing baseless motions to disqualify Deutsche's counsel, filing motions for sanctions, and refusing to vacate a default

- failing to serve Deutsche with court filings while claiming in certificates of service that Segal had served it

Against these allegations, the Court turns to whether Deutsche should recoup its attorneys' fees and costs from Segal and Segal & Schuh,[4] and it starts with 28 U.S.C. § 1927.

---

[4] Segal and Segal & Schuh challenge the timeliness of Deutsche's Motion for Attorney Fees. The Court need not address the procedural argument because it prefers to address the motion on its merits.

Section 1927 governs a lawyer's liability for excessive costs.  It lets a court require an attorney, "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.   Before a court imposes liability, three musts are needed: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must multiply the proceedings; and (3) the sanctions cannot exceed the costs occasioned by the objectionable conduct. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010).   An attorney multiplies proceedings "unreasonably and vexatiously" when his conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quotation omitted).   In considering § 1927 liability, a court generally compares the attorney's conduct against the conduct of a "reasonable" attorney and decides whether the conduct was acceptable based on an objective standard. *Id.* at 1239-40.   Because of its penal nature, courts strictly construe § 1927.  *See Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010).

Pertinent here, § 1927 applies to unnecessary filings after a lawsuit has begun in federal court.  *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006).   This means, for this case, the Court considers any § 1927 liability for filings made by Segal and Segal & Schuh after removal.  *See Smith v.*

5

*Psychiatric Sols., Inc.*, 864 F. Supp. 2d 1241, 1269 (N.D. Fla. 2012), *aff'd*, 750 F.3d 1253 (11th Cir. 2014) (finding counsel cannot "be sanctioned for conduct committed in the state court proceedings, including the filing of the initial complaint and any subsequent events in that forum"); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, No. C 10-03718 JW, 2011 WL 13373980, at *2-3 (N.D. Cal. Mar. 17, 2011) (finding conduct that occurred while in state court before removal was not sanctionable under § 1927).   In other words, the Court should not focus on the alleged sanctionable conduct committed in the state cases. And most (if not all) such conduct occurred during the state-court proceedings.

After removal, all Segal and Segal & Schuh filed was a motion to remand, two motions to strike, and a response to the motion to quash.   After the Court quashed service and denied remand, Summer largely abandoned this action despite an opportunity to serve Deutsche and pursue the merits.   (Doc. 31; Doc. 33; Doc. 36; Doc. 41).   The minimal filings by Segal and Segal & Schuh post removal do not amount to multiplying the proceedings—much less multiplying them unreasonably or vexatiously.   Indeed, this action lasted less than four months in federal court before being dismissed for failure to serve and prosecute.   Under any objective review of the facts, Segal and Segal & Schuh's conduct in federal court in this case was not so egregious or dilatory to warrant liability under § 1927.   The Court thus denies Deutsche's Motion on this ground.

But Deutsche does not stop there.   Besides § 1927, Deutsche asks the Court to award attorneys' fees under its inherent power to sanction a lawyer for conduct that "abuses the judicial process." *Peer*, 571 F. App'x at 844 (quotation omitted).   "The key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223-24 (11th Cir. 2017).   And although a court may sanction an attorney, it should exercise that power with restraint.   *See id.* at 1223.

After reviewing the record, Segal and Segal & Schuh's conduct in federal court did not rise to the level of objectionable behavior to warrant sanctions. As to the federal filings, Segal and Segal & Schuh's most serious conduct was not responding to Court's directives on service.   Although the Court's directions were not mere suggestions to be ignored, the consequence of their failure was the Court dismissing this case with prejudice.   Nothing more is needed to punish Segal and Segal & Schuh, especially where they did not act in bad faith, vexatiously, or wantonly before the Undersigned.

Although the Court declines to sanction Segal and Segal & Schuh for its post-removal conduct, that does not mean it condones their dilatory tactics in state court.   Their scheme to file test cases throughout Florida, serve non-registered agents, misrepresent service to state court judges, bring frivolous complaints and motions, and not noticing Deutsche of its filings are intolerable—at a minimum.   But Deutsche chose to remove the case here

rather than leave it with the state court and pursue relief there for the sanctionable behavior.   The Court thus declines to exercise its inherent power to sanction Segal and Segal & Schuh with Deutsche's attorneys' fees and costs.

## B. Request for Judicial Notice

Deutsche also asks the Court to take judicial notice of documents filed in other cases.   (Doc. 46; Doc. 47).   Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Because the Court denies Deutsche's Motion for Attorney Fees, its requests for judicial notice are not needed and thus denied as moot.

## CONCLUSION

The Court recognizes this action was one of many removed to the Fort Myers Division and throughout the Middle District of Florida.   On March 1, 2021, the Court here and in the other Fort Myers' cases[5] cautioned Segal and Segal & Schuh that "[t]he continued, knowingly invalid service on non-party, non-agent CT of lawsuits against [Deutsche] followed by default judgments in state court has the same stink of fraud-upon-the-court that the numerous plaintiffs allege was perpetrated upon them.   Summer Swan will not be

---

[5] *See Kenny v. Deutsche Bank Nat'l Tr. Co.* No. 2:21-cv-9-SPC-NPM (Doc. 30), *Mkt. Tampa Inv. LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-37-SPC-DNF (Doc. 30), *Weber v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-39-SPC-DNF (Doc. 24), and *Quest Sys. LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-40-SPC-NPM (Doc. 26).

afforded a set of rules apart from [Deutsche]." (Doc. 31 at 10).   From then on, Segal and Segal & Schuh were on notice that their continued conduct about service and remand in these actions had the "stink of fraud-upon-the court" and arguably could be subject to sanctions.   Thus, although sanctions are not appropriate here, they may be appropriate in other removed cases.

Accordingly, it is now

**ORDERED**:

1.  Defendant Deutsche Bank National Trust Company's Motion for Attorney Fees (Doc. 45) is **DENIED**.

2.  Defendant Deutsche Bank National Trust Company's Requests for Judicial Notice (Doc. 46; Doc. 47) are **DENIED as moot**.

**DONE and ORDERED** in Fort Myers, Florida on February 24, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record
Unrepresented Parties